# Commonwealth v. Morrison, Appellant.

*Criminal law—Murder—Evidence—Proof as to an immediately preceding crime—Continuity of events— Res gestæ—Motive.*

1. On the trial of an indictment for murder, the Commonwealth may show that, immediately preceding the killing, the prisoner entered a jewelry store, assaulted the proprietor and his wife, attempted to rob the store, took to flight, was pursued by the deceased, and that, when the latter impeded his flight, he was shot and killed by the prisoner.

2. The evidence as to the previous assaults and attempted robbery was not offered to show a distinct offense from that charged in the indictment, but to show that the killing was the probable result of a series of acts which had their inception in the attempt to perpetrate a robbery. It was also relevant as showing that the motive of the prisoner, in the shooting, was his desire to gain his liberty.

3. It may be further considered competent, in view of the unbroken continuity of the events, as a part of the res gestæ.

*Criminal law—Murder—Condition of prisoner's mind—Burden of proof—Rebuttal.*

4. Where the prisoner in a murder trial claims as a defense that he was under the influence of a drug at the time of the killing, the Commonwealth may in rebuttal submit the testimony of witnesses who had observed the prisoner at and immediately after the killing.

5. The general presumption is that every man is normal and is possessed of ordinary faculties; such defenses as intoxication, insanity and aphasia (or mind not conscious of its acts), are affirmative defenses and the burden is on the defendant to establish them. The Commonwealth cannot undertake the burden of showing a

sound mind when it does not know the nature of the defense, and can become acquainted with it only when offered. Countervailing evidence can then be offered solely by way of rebuttal.

*Criminal law—Murder—Evidence—Order of proof—Abuse of discretion—Appeal.*

6. Generally the order of proof is within the discretion of the court below, and, unless it is abused, the appellate court will not interfere with the order of admission.

*Criminal law—Murder—Charge.*

7. A conviction of murder of the first degree will not be reversed because the trial judge used language in his charge, which was meant to impress on the jury the responsibility they were about to assume in passing upon the guilt or innocence of the defendant, and was not intended to incite horror or indignation at the crime, or to impress on the minds of the jurors the belief that the judge felt that the prisoner was guilty.

*Criminal law — Murder — Charge — Degrees—Manslaughter—Province of jury.*

8. Where there is no evidence on the trial of an indictment for murder, which points in the least degree to the offense of manslaughter, the court may charge that the jury will not be justified in returning a verdict for manslaughter, but may find a verdict of murder in the first degree or second degree, or may acquit the defendant. Such instructions do not take from the jury the power to ascertain the degree of the murder.

Argued October 20, 1919. Appeal, No. 339, Jan. T., 1919, by defendant, from judgment of O. & T. Philadelphia Co., Aug. T., 1918, No. 55, on verdict of guilty of murder of the first degree in case of Commonwealth v. John Morrison. Before Brown, C. J., Moschzisker, Frazer, Walling and Kephart, JJ. Affirmed.

Indictment for murder. Before Monaghan, J.

On the trial the Commonwealth made the following offer:

Mr. Brown: I propose to show that the statement that this man was not in control of himself, was not in his right mind, was not a normal person at this time, was untrue.

(Objected to by counsel for defendant.)

The Court: The district attorney proposes to call these witnesses for the purpose of testifying as to the condition of this defendant, and your position, Mr. Lucas, is that these men have already testified that the defendant was not under the influence of drugs or liquor.

Mr. Lucas: Yes, and to call them again would simply add emphasis to what they have already testified in their examination by the district attorney.

Objection overruled.   Exception (1).

Evidence supporting the offer was then given.

The court charged in part as follows:

[You will, therefore, come to the consideration of the case with care, with impartiality, without fear or favor, without prejudice or passion, uninfluenced by sympathy for the defendant or by indignation at the enormity of the offense with which he stands charged.]   (2)

[Upon the indictment before you, you have the power to render one of several verdicts.   You have the power to find this defendant, if you think the evidence in the case warrants it, guilty of murder of the first degree. You have the power, under the evidence, if you think it warrants it, to find him guilty of murder of the second degree.   After a review of the evidence, I find nothing in it which would justify you in rendering a verdict of voluntary manslaughter; therefore, under the evidence in this case, you may find the defendant guilty of murder of the first degree, murder of the second degree, or you may acquit him of all the charges against him.]   (3)

[If you find that the defendant killed Charles J. Martin, the presumption against him rises no higher than murder of the second degree, until it is shown by the Commonwealth, beyond a reasonable doubt, to be murder of the first degree.   It therefore lies on the Commonwealth to satisfy the jury of these facts and circumstances which indicate the deliberate intention to kill and the cool depravity of heart and conscious purpose which constitute, as before stated, the crime of murder

Charge of Court below—Opinion of the Court. [266 Pa.

of the first degree. As I have said to you, murder of the first degree is a wilful, deliberate and premeditated killing. It is the most heinous crime known to the law. It means that the prisoner had time to make up his mind to kill the deceased, and that he killed him in pursuance of that determination. As you know from everyday experience, it takes a very short time to form an intention. An intention may be formed almost instantaneously, and it matters not how long the prisoner may have had his intention. If he formed it almost immediately before, and did intend to kill the deceased, and shot him with the purpose, it is murder of the first degree.]  (7)

Verdict of guilty of murder of the first degree, upon which judgment of sentence was passed. Defendant appealed.

*Errors assigned,* among others, were (1) ruling on evidence, quoting bill of exceptions and evidence, (2, 3 and 7) portions of charge as above, quoting them.

*Thomas E. Cogan,* for appellant, cited: Com. v. Penrose, 27 Pa. Superior Ct. 101; Com. v. Marcinko, 242 Pa. 388; Kane v. Com., 89 Pa. 522; Com. v. Cunningham, 232 Pa. 609.

*Wm. Findlay Brown,* Assistant District Attorney, with him *Samuel P. Rotan,* District Attorney, for appellee, cited: Com. v. Eagan, 190 Pa. 10; Com. v. Wendt, 258 Pa. 325; Com. v. LeGrange, 227 Pa. 368; Com. v. Drum, 58 Pa. 9.

OPINION BY MR. JUSTICE KEPHART, January 5, 1920:

To understand the several questions presented to us for consideration, a brief statement of the facts will be necessary. The defendant, on April 9, 1918, purchased two revolvers, some cartridges and a blackjack from a pawnbroker in the City of Philadelphia. Close to three o'clock on the same day he, with his brother, entered a

jewelry store on Girard avenue and inquired about some wedding rings. After a few minutes' conversation they left the store and shortly afterwards returned and again asked to be shown the rings; while the defendant was looking at them, his companion struck the proprietor on the head with a blackjack; the defendant then shot, but did not kill him. The proprietor, in escaping, was shot a second time by the defendant. His outcries brought a number of people to the place. The defendant and his companion went to the dining room at the rear of the store, where they met the jeweler's wife; the defendant, after striking her with the blackjack, left the store with his companion and started to run east on Girard avenue, thence south on Eleventh street, and up a blind alley between Girard avenue and Poplar street. Their effort at flight being balked in this direction, they retraced their steps and were returning to Eleventh street. The deceased, who had joined in the pursuit, was standing at the entrance to the alley. The defendant, on approaching him, fired the shot that caused his instant death. It is for this homicide that he stands convicted of murder of the first degree.

It is contended by the defendant that the evidence as to what took place in the jewelry store and the defendant's flight should not have been admitted in evidence, as it had a tendency to establish an independent crime having no relation whatever to the actual killing that took place in the alley. This evidence was received without objection. A very short period of time elapsed between the occurrence in the jewelry store and the shooting and the testimony was not offered with the view of showing a distinct offense from that charged in the indictment, nor to show that the accused was generally a bad man; it was offered, as stated by the Commonwealth, as being the probable result of a series of acts which had their inception in the attempt to perpetrate a robbery. There was no break in the continuity of events between the time defendant entered the jewelry store,

the assault on the proprietor and his wife, his attempt to rob the store, his flight, and the killing of the deceased. A very clear exposition of the law as to the scope evidence may take which has a tendency to involve the commission of other offenses may be found in our Brother STEWART'S opinion in Commonwealth v. Coles, 265 Pa. 366: "It is quite true that, 'as a general rule, a distinct crime unconnected with that laid in the indictment, cannot be given in evidence against the prisoner': . . . . . . Shaffner v. Com., 72 Pa. 60 . . . . . . If the offense disclosed by the testimony sought to be introduced is unconnected with that charged in the indictment being tried, that is to say, that the two have no common element, and the facts with respect to the one are not required to supplement or explain the facts appearing in the trial for the other or later offense, then it must be said that the two offenses are distinct and separate, and the evidence would be irrelevant and inadmissible. It often happens, however, that two distinct offenses are so inseparably connected, that the proof of one necessarily involves proving the other, and, in such a case, on a prosecution for the one, evidence proving it cannot be excluded because it also proves the other." See also Com. v. Dumber, 69 Pa. Superior Ct. 196.

The motive which prompted the defendant to shoot the deceased was his desire to gain his liberty. It was perfectly proper to show why Martin, the deceased, had pursued him to the alley and his evident purpose in the alley; this, no doubt, impressed itself on the mind of the accused to such an extent that he felt it necessary to kill the deceased to gain freedom. The evidence of prior acts is in explanation of the conduct of Martin, the deceased, and of the defendant, and shows the motive that prompted the commission of the crime. In this view, it was undoubtedly relevant evidence. It was further competent as being one of the probable results of an attempted robbery, so much so that where, as in this case, no intervening act broke the series of events, it may be con-

sidered as part of the res gestæ. Reference is made to Com. v. Chiemilewski, 243 Pa. 171, 179, and Com. v. Wendt, 258 Pa. 325.

The first assignment of error relates to the admission in evidence, as rebuttal, of statements as to the condition of defendant's mind at the time he was arrested and shortly thereafter; it is urged this evidence should have been introduced in chief. Generally, the order of proof is within the discretion of the court below and, unless it is abused, this court will not interfere with the order of admission. But this evidence was proper as rebuttal evidence. The general presumption is that every man is normal and is possessed of ordinary faculties; such defenses as intoxication, insanity and aphasia (or a mind not conscious of its acts), are affirmative defenses and the burden is on the defendant to establish them: Com. v. Dale, 264 Pa. 362. The Commonwealth cannot undertake the burden of showing a sound mind when it does not know the nature of the defense, and can become acquainted with it only when offered. Counter-vailing evidence can then be offered solely by way of rebuttal. It was competent for the Commonwealth to submit the testimony of witnesses who had observed the defendant at and immediately after the killing: Com. v. Wireback, 190 Pa. 138.

The court below did not, by the use of the language contained in the second and seventh assignments, intend to give the jury to understand that the trial judge felt great indignation at the crime with which the defendant was indicted, nor did it have a tendency to incite in the minds of the jurors any feeling of resentment or abhorrence to the defendant. It was not so forcible an expression of indignation at the crime as to convey to the minds of the jury the conviction or belief that the judge felt the prisoner was guilty. The remarks were not so intended but, on the contrary, were meant to charge the jury with the responsibility they were about to assume

when they passed on the guilt or innocence of the defendant.

The trial judge charged the jury that after a review of the evidence he could find nothing which would justify them in returning a verdict of voluntary manslaughter, and the jury might find a verdict of murder in the first or second degree, or might acquit the defendant. It is now urged this was an erroneous instruction as it took away from the jury its statutory duty of ascertaining the degree of the crime. The jury has the power, and it is its duty, to ascertain the degree of murder; it is so fixed by the law of the State. Peremptory instruction that takes from it this power is erroneous, and it is the duty of the court to submit the question of manslaughter unless it is clearly convinced there is nothing in the evidence to reduce the grade of the crime below murder; while the jury must be free to act in determining the degree of murder, there is no such requirement in distinguishing between murder and manslaughter: Com. v. LeGrange, 227 Pa. 368. But where there is no evidence which in the least degree points to the offense of manslaughter, the court does not commit error when it refuses to charge with respect to manslaughter, or charges the jury as in this case. The defendant hoped to exculpate himself by the statement that he was a drug fiend and had no recollection of what happened from the time he entered the jewelry store until some time after the crime was committed, that he was suffering from aphasia, superinduced by the narcotic. There was not the slightest evidence of a quarrel, nor of sudden heat or passion, nor of provocation, nor any evidence to reduce the grade of the crime to manslaughter.

The remaining assignments of error are without merit. The charge was fair and contained no undue reflection on the accused. It carefully presented to the jury an exhaustive summary of the evidence. That the Commonwealth's side was dealt with at greater length than

that of the defendant was due to the fact that its evidence was more voluminous. It contained all the ingredients of murder of the first degree. The evidence warranted the finding that was made and, after careful review of the entire record, we are satisfied the defendant was accorded every legal right to which he was entitled.

The judgment of the court below is affirmed and it is directed that the record be remitted for the purpose of execution.