## Commonwealth *v.* Harbaugh, Appellant.

Argued April 15, 1963. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P.J., absent).

*Archibald M. Matthews,* for appellant.

*Robert M. Keim,* District Attorney, for Commonwealth, appellee.

OPINION BY WOODSIDE, J., June 12, 1963:

James Harbaugh was convicted of fornication and bastardy. After sentence he appealed to this Court. We sustained the sentence for fornication but set aside the bastardy conviction and granted a new trial. (197 Pa. Superior Ct. 587, 179 A. 2d 656). At the retrial the defendant was again convicted of bastardy, sentenced and has again appealed. We are unanimously of the opinion that the conviction must again be set aside and a new trial granted.

In granting a new trial in the first case, pp. 590, 591, we said: ". . . All these facts—the short period of gestation, the lack of blood tests, the overwhelming evidence of the prosecutrix's promiscuity, the inconsistent judgments of sentences, the inconsistent positions of the Commonwealth in obtaining convictions,— when taken together lead us to conclude that the interest of justice would best be served by granting a new trial on the bastardy charge . . ."

The indictment charges that the defendant had intercourse with the prosecutrix on June 16, 1960, as a result of which a child was born February 21, 1961. As the child was a normal, fully developed child born

only 250 days after the alleged intercourse,[1] it was argued that the defendant could not be the father of the child. Although such a short period of gestation is a fact for the consideration of the jury, it does not eliminate the defendant as a possible father. *Commonwealth v. Watts,* 179 Pa. Superior Ct. 398, 116 A. 2d 844 (1955).

At the first trial the prosecutrix was limited in her testimony to the date alleged in the indictment, but at the second trial she was properly permitted to testify that the defendant had intercourse with her a number of times between May 23, 1960 and June 26, 1960. The time between the dates of the intercourses set by the prosecutrix and the date of the child's birth cannot be the basis for a new trial on the evidence now before us.

The prosecutrix has been promiscuous. The evidence established that she has three illegitimate children, each with a different father.[2] At the first trial three witnesses testified for the defendant that each had had intercourse with the prosecutrix on a date within the period when the prosecutrix conceived the child here in question.

A defendant cannot be convicted of bastardy if the child's mother had intercourse with more than one man during the period within which the child could have been conceived. *Commonwealth v. Eaby,* 52 Pa. Superior Ct. 619 (1913); *Commonwealth v. Rex,* 147 Pa. Superior Ct. 121, 24 A. 2d 98 (1942); *Commonwealth v. Young,* 163 Pa. Superior Ct. 279, 60 A. 2d 831 (1948); *Commonwealth v. Sloan,* 177 Pa. Superior

---

[1] Medical authorities generally consider 267 to 270 days as the normal period of gestation, or 280 days between the last menstrual period and the birth. See dissent in *Commonwealth v. Watts,* p. 405, cited in the above paragraph.

[2] At argument we were informed that since the last trial she has had a fourth illegitimate child.

Ct. 178, 180, 110 A. 2d 827 (1955). Subject to advancing medical knowledge making identification of the father possible, this rule must be applied in all bastardy cases in which the prosecutrix admits to having intercourse with more than one man within the period of conception, or in which the evidence shows that she had such intercourse.

After testifying at the first trial, the three witnesses were prosecuted, convicted and sentenced for fornication.

One of the three witnesses who testified at the first trial was confined in a state correctional institution when the case was retried on May 21, 1962. On May 16, 1962, the defendant petitioned the court to return this witness to the court that he might be called on behalf of the defendant at the retrial. The court failed to act upon the petition, and at the trial refused to permit the defendant to introduce the testimony of the witness given at the prior trial. The trial court further compounded the error by refusing to permit the defendant to cross-examine the prosecutrix on whether she had had intercourse with this particular man who was under sentence for such intercourse. When a prosecutrix in a bastardy case testifies that the defendant is the father of her child, the defendant has a right to cross-examine her as to intercourse with other men during the period of possible conception and the cross-examination may relate to specific men and occasions subject only to the protection of innocent people whose names the trial judge thinks are being recklessly interjected into the case by counsel for the defendant. Here it was known that the person about whom the examination was directed had already testified concerning the intercourse and had already been sentenced for it. The cross-examination of the prosecutrix concerning intercourse with the absent witness should have been allowed.

The testimony of this witness, as given at the prior trial, if believed, would have required an acquittal of the defendant. The court has not acted on the petition to make this witness available to the defendant, and its reason for not doing so is unknown to us, as it has not filed an opinion.

The district attorney, citing *Commonwealth ex rel. Fraley v. Rotan*, 82 Pa. Superior Ct. 172, 176, 177 (1923), argues that the defendant did not follow the proper procedure by not stating in his petition that he was seeking a Writ of Habeas Corpus Ad Testificandum, and by not making it clear in the prayer what he was seeking. There is no merit to this argument. In the petition the defendant prays that the court "Order and Direct that the [witness] be returned from Camp Hill to Somerset County, Pennsylvania, so that he may testify in the above entitled case on behalf of the Defendant on May 21, 1962." The court knew the importance of this witness and that the defendant was seeking to have him present at the trial. If the failure to comply with procedural niceties would have been of sufficient importance to refuse the prayer of the petition, the court should have promptly refused the petition for this reason. The witness should have been made available to the defendant. See Art. 1, Sec. 9 of the Pennsylvania Constitution.

The defendant attempted to introduce the record of the three men who were convicted before a jury and sentenced for having had intercourse with the prosecutrix during the period within which the child in question was conceived. The court refused to allow the information of these convictions to reach the jury. This was error.

The Commonwealth has placed itself in an incongruous position. It has prosecuted and convicted three men, as well as the defendant, for fornication with the prosecutrix within the normal time of the conception

of the child in question. If any one of the three is guilty of the crime for which he has been sentenced, the defendant cannot be guilty of bastardy. Yet the district attorney who brought the prosecution and obtained the conviction of these three men presumably upon the theory that they were guilty, later prosecuted the defendant in this case on the theory that the three defendants he had prosecuted were innocent, and the same court which sentenced the three defendants on the theory they were all guilty of the offenses charged, subsequently sentenced the defendant in this case on the theory that the three were innocent of the offenses for which they had been sentenced.

This poses the question of whether the verdict in this case may stand or whether the judgments in the other cases require that the bastardy judgment in this case be arrested. The verdicts are certainly inconsistent, if not incompatible, but it has long been settled that verdicts in criminal cases need not be consistent. *Commonwealth v. Parrotto,* 189 Pa. Superior Ct. 415, 419, 150 A. 2d 396 (1959). However, "there is some difficulty in formulating a general statement which will be true with reference to all cases of inconsistency, repugnancy or incongruity . . ." *Commonwealth v. Kline,* 107 Pa. Superior Ct. 594, 603, 164 A. 124 (1933).

The case now before us differs somewhat from *Commonwealth v. Parrotto,* supra, and the numerous cases cited therein. In those cases, the inconsistency was between findings of guilty and findings of not guilty, or between different verdicts of guilty against the same person. Here the inconsistency is between verdicts of guilty against different persons. As the Commonwealth deliberately put itself into this untenable position, it might be that we should arrest the judgment were it not for the rights of the child and the mother. The prosecutrix has consistently contended throughout the trials of all four cases that the defendant in this case

was the only man who had intercourse with her during the period of conception of the child here involved. Both the child and she have a direct interest in the outcome of the bastardy case. She should not be denied the opportunity of having her charges of bastardy presented to a jury, because a prosecution was brought by another person against men other than the defendant for fornication with her.

On the other hand, we are firmly of the opinion that the jury trying the bastardy case should learn that these three men were convicted of fornication with the prosecutrix within the time of possible conception.

This is an unusual situation and there are no cases cited by either party on this point except dicta from an old Somerset County case containing a statement, clearly erroneous on its face, which seems to support the Commonwealth. *Commonwealth v. Specht,* 5 Somerset 104 (1930). The convictions of the witnesses do carry greater weight than the testimony of the witnesses alone, and under the circumstances of this case evidence of these convictions should not be withheld from the jury.

The judgment of sentence is reversed, and a new trial granted.