Commonwealth *v.* Corbin, Appellant.

Argued June 12, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*John W. Packel,* Assistant Defender, with him *Melvin Dildine,* Assistant Defender, and *Vincent J. Ziccardi,* Acting Defender, for appellant.

*James D. Crawford,* Assistant District Attorney, with him *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., September 11, 1969:

Appellant was tried by a jury on three bills of indictment: robbery, burglary and conspiracy. After the jury returned from its deliberations, the trial court asked the forelady for its verdict. She announced that the jury had reached a guilty verdict on each of the three bills. Appellant then moved that the jury be polled. The first eight jurors stated that they had found appellant guilty on all counts. Jurors 9 and 10, however, said that they found appellant not guilty on the robbery bill. Jurors 11 and 12 then stated that they found defendant guilty on all counts. A sidebar conference followed, after which the trial court announced that the jury was unanimous as to the burglary and conspiracy bills but not as to the robbery bill.

At this point, the following interchange took place: "JUROR NO. 12: May I ask, sir—THE COURT: You had better not make a statement at this point." Appellant then objected to the recording of the verdicts before juror 12 was heard. The trial court overruled the objection and ordered the verdicts recorded.

After this was done, the following interchange took place: "THE COURT: I will hear Juror No. 12. JUROR No. 12: I was a little confused in the way I voted and

I find there is others [sic] in this jury who voted the way I did were also confused. I was of the understanding that we had to come back with a complete bill of guilty on all three things. Now I find that it's different, that we don't have to do that. And under those circumstances, I would like to change my vote. THE COURT: You can't do it after the verdict is recorded."

This case thus presents the question whether, after the jury has been polled and before the verdicts have been recorded, the trial court must hear questions jurors may have as to their votes.

In Pennsylvania, a defendant who is tried before a jury is entitled to unanimous verdict. *Commonwealth v. Fugmann*, 330 Pa. 4, 29, 198 A. 99 (1938); Pa. R. Crim. P. 1120(b).

In this instance, the polling revealed that juror 12 had voted on the incorrect assumption that he was required to find defendant either guilty or not guilty on all counts. Juror 12 wanted to alter his vote, but the court refused to hear him prior to the recording of the verdict.

Our traditional notions of justice do not sanction such action. In criminal cases, where we are vitally concerned with safeguarding the rights of an accused, a court should be alert to any indication from the jurors that the announced verdict does not reflect their actual thinking.[1] When, as here, a juror addresses the court as to some problem concerning him, the court

---

[1] The general rule of law is that until it is recorded, the jury's verdict is alterable. *Commonwealth v. Martin*, 379 Pa. 587, 598, 109 A. 2d 325 (1954); *Commonwealth v. Johnson*, 359 Pa. 287, 59 A. 2d 128 (1948). The obvious corollary of that rule is that prior to the recording of the verdict, any juror should be permitted to dissent from the announced verdict. In fact, a defendant is entitled to poll a jury in order to see if any juror wishes to dissent. *Commonwealth v. Martin, supra; Commonwealth v. Patrick*, 416 Pa. 437, 206 A. 2d 295 (1965).

must inquire of that juror before proceeding.[2] Because the court refused to inquire here, we cannot ascertain whether juror 12 would have dissented from the robbery verdict, as had jurors 9 and 10, or from the burglary and conspiracy verdicts, nor should we speculate about such matter. In the absence of any clear indication of juror 12's actual vote, we cannot allow any of the convictions to stand.

The judgment of sentence is vacated and a new trial is ordered.

WATKINS, J., dissents.

---

[2] See *People v. Superior Ct.*, 67 Cal. 2d 929, 64 Cal. Rptr. 327, 434 P. 2d 623 (1967), where the California Supreme Court approved a trial court's inquiry into a juror's hesitancy during polling and found that its declaration of a mistrial was not an abuse of discretion.