## Commonwealth v. Hertel

*Harry C. Fithian,* Assistant District Attorney, for Commonwealth.

*Patrick H. Fierro,* for defendant.

GREEVY, P. J., September 6, 1972.—Following his conviction by a jury of fornication and bastardy, John Hertel, defendant, filed motions in arrest of judgment and for a new trial.

Noreen Smith, the prosecutrix, testified that she had intercourse with defendant five times from September 5 or 6, 1970, through the first week of October 1970, and with another man "the end of October 1970." The child was born June 30, 1971.

## DISCUSSION

The court will first consider the motion in arrest of judgment as it applies to the bastardy charge.

"We are not unmindful of the standard to be applied in considering a motion in arrest of judgment set forth fully in Commonwealth v. Tabb, 417 Pa. 13, 16, 207 A.2d 884 (1965): 'In passing upon such a motion, the sufficiency of the evidence must be evaluated upon the entire trial record. All of the evidence must be read in the light most favorable to the Commonwealth and

it is entitled to all reasonable inferences arising there-from. The effect of such a motion is to admit all the facts which the Commonwealth's evidence tends to prove (citing cases)' ": Commonwealth v. Hazlett, 429 Pa. 476, 477, 478.

Even under that standard, the verdict of bastardy cannot stand for as the court stated in Commonwealth v. Harbaugh, 201 Pa. Superior Ct. 360, 363:

"A defendant cannot be convicted of bastardy if the child's mother had intercourse with more than one man during the period within which the child could have been conceived (citing cases). Subject to advancing medical knowledge making identification of the father possible, this rule must be applied in all bastardy cases in which the prosecutrix admits to having intercourse with more than one man within the period of conception, or in which the evidence shows she had such intercourse."

The purpose of the trial on bastardy was to determine whether defendant was the father of the child born to the prosecutrix, not whether he could have been. We do not think it is impossible for this child to be the child of defendant but we are not dealing with possibilities. The primary fact in this case is that the jury should not be allowed to guess, nor the mother to choose, where more than one man could be the father.

In the instant case, the prosecutrix admitted having had sexual intercourse with a man other than defendant between 242 and 250 days before the birth of her child. This admission destroys her competency, as a witness, to prove that defendant is the father.

In Commonwealth v. Young, 163 Pa. Superior Ct. 279, 280, the court stated:

"Medical authority in general is in agreement to this effect: that while on the average the normal duration

of pregnancy in the human female is 280 days, yet the period of gestation may last only 240 days or extend to 300 days or longer."

Since the prosecutrix may not be permitted to select one of two men responsible for her pregnancy if both of them had intercourse with her about the time that conception may have occurred, the verdict of bastardy must be reversed and the motion in arrest of judgment of bastardy is granted.

We now consider the motions as they apply to fornication.

". . . fornication and bastardy are two offenses, and on the trial of an indictment charging them a jury could acquit of the bastardy but convict of the fornication. Even after conviction of fornication and bastardy, we have in certain circumstances set aside the conviction of bastardy and remitted the record to the court below for the sentencing of the defendant on the conviction of fornication alone (citing cases)": Commonwealth v. Rednock, 165 Pa. Superior Ct. 536, 537 (1949).

Defendant did not deny having sexual relations with the prosecutrix, but, in fact, admitted having sexual relations with her on three occasions over a three-week period in September of 1970. Therefore, the motions of defendant on the charge of fornication are denied.

We make the following

## ORDER

And now, this September 6, 1972, it is ordered that defendant's motion for arrest of judgment on the charge of bastardy is granted and he is discharged thereon. Defendant's motions with respect to the charge of fornication are refused and he is ordered to appear for sentencing on the charge of fornication on October 5, 1971, at 9:30 a.m.