J-S04017-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALEX LEROY LOVEJOY | |
| Appellant | No. 816 MDA 2020 |

Appeal from the PCRA Order entered May 28, 2020
In the Court of Common Pleas of Dauphin County
Criminal Division at No: CP-22-CR-0003389-2001

BEFORE:  OLSON, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY STABILE, J.:                **FILED MARCH 05, 2021**

Appellant, Alex Leroy Lovejoy, appeals from the May 27, 2020 order entered in the Court of Common Pleas of Dauphin County, denying his petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

On October 9, 2002, Appellant was convicted of third-degree murder, aggravated assault, recklessly endangering another person, and two counts of criminal conspiracy.  On December 12, 2002, the trial court imposed an aggregate sentence of 23 to 46 years in prison.  This Court affirmed his judgment of sentence on June 3, 2004.  Appellant did not file a petition for allowance of appeal to the Supreme Court.  Therefore, Appellant's judgment of sentence was final on July 3, 2004.  Absent an exception to the PCRA's one-

year time bar, Appellant had until July 3, 2005 to file a PCRA petition. 42 Pa.C.S.A. § 9545(b)(1).

Appellant timely filed a first PCRA petition on August 2, 2004. That petition initially was denied but was ultimately remanded for appointment of new counsel. Following denial of the amended petition in 2007, Appellant filed an unsuccessful appeal to this Court. His subsequent petition for allowance of appeal was denied by our Supreme Court on December 2, 2008. In the years between 2008 and 2020, Appellant filed additional petitions seeking PCRA and/or habeas corpus relief, all of which were dismissed.

In his most recent petition, filed on May 6, 2020, Appellant asserted a constitutional right exception to the PCRA's one-year time bar. 42 Pa.C.S.A. § 9545(b)(1)(iii). While his petition was silent as to the basis for the claimed exception, he asserted in his supporting brief that the United States Supreme Court's decision in **Ramos v. Louisiana**, 140 S.Ct. 1390 (2020), recognized a constitutional right against non-unanimous jury verdicts that the Court held to apply retroactively.

On May 27, 2020, the PCRA court dismissed the petition. This timely appeal followed. The court did not order a Rule 1925(b) statement but did issue a Statement in Lieu of Memorandum Opinion on June 15, 2020, indicating that a May 12, 2020 memorandum opinion explained the reasons for dismissing Appellant's petition, *i.e.,* Appellant's petition was blatantly

untimely and failed to establish an exception to the timeliness requirements of the PCRA. PCRA Court Statement, 6/15/20, at 1.

In this appeal, Appellant asks us to consider two issues. He first asks if the PCRA court erred when it determined Appellant failed to establish an exception to the PCRA's time bar. He next asks if the PCRA court violated Appellant's Sixth and Fourteenth Amendment rights based on **Ramos**, which held that jury verdicts in criminal trials must be unanimous. Appellant's Brief at 4. Before we may consider the merits of these contentions, we must determine whether this Court has jurisdiction to entertain the merits of Appellant's issues. As our Supreme Court recently reiterated, "[I]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Reid**, 235 A.3d 1124, 1143 (Pa. 2020) (citation omitted).

By way of background, Appellant has claimed over the years that his third-degree murder conviction was not unanimous. He bases his argument on the fact that after the five guilty verdicts were read, the jury was polled on each guilty verdict. The judge explained, "[E]ach of you will be asked to tell us whether or not you agree or disagree with the verdict that was announced by the foreperson." Notes of Testimony, Trial, 10/9/02, at 248. He continued, stating, "The foreperson has already announced the verdict of guilty and the clerk will go through each juror, jurors one through 12 and ask if they agree

or disagree with that verdict." *Id.* When juror number one was asked if he agreed with the first of the five guilty verdicts, *i.e.*, the verdict for third-degree murder, he answered, "As I wrote." *Id.* When called upon, each remaining juror answered, "Guilty." For each of the four remaining verdicts, juror number one replied, "Guilty," as did all other jurors. *Id.* at 249-54. After the jury was polled on the individual guilty verdicts, the clerk read all of the charges and the corresponding verdicts and then asked, "So say you all?" The jurors responded, "Yes." *Id.* at 254.

The judge then offered some closing remarks to the jury. In those remarks, he said, "[T]hank you for making a decision. Thank you for reaching a verdict." *Id.* at 256. He then explained:

> From the court's perspective, we simply want you to decide, make a decision. Because if you don't, if we have a jury that cannot agree to a unanimous verdict, that's called a hung jury, which means the case has to be tried all over again at some later time in front of a brand new jury who will hear the same evidence and so forth. It is a waste of your tax dollars and it is a waste of valuable courtroom time. **But you made a decision and that's all we ask you to do. You did that.** We are very grateful and we appreciate that.

*Id.* at 256-57 (emphasis added). The judge then explained that the next step in the process would be sentencing, which the court would schedule after completion of a pre-sentence investigation. *Id.* at 257. At the conclusion of his remarks, he again thanked the jury and excused them. *Id.* at 259. At no time did the judge or counsel indicate or even suggest that the jurors returned anything other than a unanimous verdict on the five counts mentioned above.

Nevertheless, Appellant maintains that juror number one's "As I wrote" response must be interpreted as something other than guilty and, therefore, his third-degree murder verdict was not unanimous.[1]

In the brief filed with this Court in support of his current petition, Appellant asserts that **Ramos** satisfied the constitutional right exception to the PCRA's time bar as a right asserted that was recognized by the United States Supreme Court, and one that "has been held by that court to apply retroactively." Appellant's Brief at 11. We cannot agree. First, in **Ramos**, the Supreme Court reversed the judgment entered in Louisiana following a conviction for second-degree murder in which "10 jurors found the evidence against him persuasive. But a pair of jurors believed that the State of Louisiana had failed to prove Mr. Ramos's guilt beyond reasonable doubt; they voted to acquit." **Id.**, 140 S.Ct. at 1394. Unlike Louisiana, it has long been settled in Pennsylvania that the verdict in a criminal trial must be unanimous. **Commonwealth v. Jackson**, 324 A.2d 350, 353 (Pa. 1974); Pa.R.Crim.P. 648(B). In **Ramos**, Justice Gorsuch explained:

> In 48 States and federal court, a single juror's vote to acquit is enough to prevent a conviction. But not in Louisiana. Along with Oregon, Louisiana has long punished people based on 10-to-2

---

[1] In Appellant's 2017 PCRA petition, he noted he first requested that the Dauphin County Prothonotary provide a copy of the verdict sheet on July 8, 2014. The Prothonotary responded on July 14, 2014, indicating that the verdict sheet from 2002 could not be located. Appellant suggested that the lack of the verdict sheet not only proves the verdict was not unanimous but also proves fraud on the part of the court for imposing a sentence in absence of a unanimous verdict. **See** Pro Se PCRA Petition, 11/20/17.

> verdicts like the one here. So instead of the mistrial he would have received almost anywhere else, Mr. Ramos was sentenced to life in prison without the possibility of parole.

*Id.* In Part IV-B-2 of the opinion, Justice Gorsuch noted the dissent's concern relating to reversal of Ramos's sentence, *i.e.*, that defendants in Louisiana and Oregon "whose appeals are already complete might seek to challenge their nonunanimous convictions through collateral (*i.e.*, habeas) review." *Id.* (with three justices concurring and one justice concurring in the judgment). He continued:

> But again the worries outstrip the facts. Under **Teague v. Lane**, [489 U.S. 288 (1989) (plurality)], newly recognized rules of criminal procedure do not normally apply in collateral review. True, **Teague** left open the possibility of an exception for "watershed rules" "implicat[ing] the fundamental fairness [and accuracy] of the trial." But, as this language suggests, **Teague**'s test is a demanding one, so much so that this Court has yet to announce a new rule of criminal procedure capable of meeting it. And the test is demanding by design, expressly calibrated to address the reliance interests States have in the finality of their criminal judgments.

> Nor is the **Teague** question even before us. **Whether the right to jury unanimity applies to cases on collateral review is a question for a future case where the parties will have a chance to brief the issue and we will benefit from their adversarial presentation.** That litigation is sure to come, and will rightly take into account the States' interest in the finality of their criminal convictions. In this way, **Teague** frees us to say what we know to be true about the rights of the accused under our Constitution today, while leaving questions about the reliance interest States possess in their final judgments for later proceedings crafted to account for them. It would hardly make sense to ignore that two-step process and count the State's reliance interests in final judgments both here and again there. Certainly the dissent cites no authority for such double counting.

*Id.* at 1407 (with three justices concurring and one justice concurring in the judgment) (emphasis added; footnotes omitted).

It is clear the United States Supreme Court did not hold ***Ramos*** to apply retroactively. Even if ***Ramos*** somehow supported Appellant's substantive argument—and we do not suggest that it does, it does not assist him in overcoming the PCRA's time bar under Section 9545(b)(1)(iii). Because Appellant has not pleaded and proved an exception to his facially untimely PCRA petition, this Court does not have jurisdiction to consider the merits, if any, of his argument.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/05/2021