Commonwealth *v.* Watson, Appellant.

Argued November 13, 1967.   Before ERVIN, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ. (WRIGHT, J., absent).

*Cyril T. Garvey,* with him *Evans and Garvey,* for appellant.

*Joseph J. Nelson,* Assistant District Attorney, with him *Edward M. Bell,* District Attorney, for Commonwealth, appellee.

OPINION BY MONTGOMERY, J., December 14, 1967:

This appeal by the defendant Arthur Watson followed his conviction and sentence on the charge of operating a motor vehicle while under the influence of intoxicating liquor.

Inasmuch as we conclude that a new trial is necessary for the reason that the verdict did not represent the unanimous vote of the jury, the alleged errors in the charge of the court will not be considered.

Our conclusion that a unanimous verdict was not reached is based on the following colloquy between the court and Glenn W. Snyder, one of the jurors, which occurred when a sealed verdict rendered by the jury was opened and the jury polled:

"THE CLERK: Glenn W. Snyder, how say you? Guilty or not guilty? Glenn W. Snyder.

"MR. SNYDER: Well, I said not guilty, but I gave in to guilty.

"THE COURT: How say you now? The verdict as recorded by the foreman was that he was guilty. Do you now say that he was guilty?

"MR. SNYDER: Sure, I have to go along with them.

"THE COURT: Now, you don't have to, but do you say guilty or not guilty, it having been recorded as guilty by the foreman?

"MR. SNYDER: You say I don't have to go along with them?

"THE COURT: No juror ever has to yield his fundamental convictions on a case. Many times jurors do and the verdict is guilty and sometimes it's not guilty,

but when it's requested that there be a poll in order that the Court may know whether at the time the verdict was arrived at and at the present time as announced in court, the individual juror is satisfied beyond a reasonable doubt of the guilt, he should then report guilty or not guilty. If he says different from what he did before, then the case must be tried over again at the next term of court.

"MR. SNYDER: Well, I'll stick to my first conviction, not guilty."

Thereafter, following the polling of the balance of the jury, the record discloses that Mr. Snyder was polled a second and third time as follows:

"THE COURT: Call No. 3 once more. What he wishes now.

"THE CLERK: You mean No. 2 Glenn W. Snyder. How say you? Is he guilty or not guilty?

"MR. SNYDER: I guess he is guilty.

"THE COURT: That will not do. You must make your final decision, Mr. Snyder, is he guilty or not guilty?

"MR. GARVEY: If the Court please, may I come to sidebar?

"THE COURT: Yes."

At Sidebar

"MR. GARVEY: We take exception to the Court's asking Juror No. 2 to repeat his not guilty verdict after he has heard the other twelve or eleven. We think since he has already given a final verdict of not guilty he should not be put to the embarrassing position of having to repeat that in the presence of the others.

"THE COURT: Yes, we note your exception."

(Sidebar conference concluded.)

"THE COURT: We want the final decision of the juror as announced in open court but not as influenced by others, but whether he considers the defendant guilty or not guilty. Will you read his name again?

"THE CLERK: Glenn W. Snyder. How say you guilty or not guilty?

"MR. SNYDER: Guilty."

*Commonwealth ex rel. Ryan v. Banmiller,* 400 Pa. 326, 162 A. 2d 354 (1960), is authority for the principle of law that "The purpose of the poll is to give any juror, who may possibly have been under pressure from other members of the jury to acquiesce in the verdict, an opportunity to speak out and declare to the court that the verdict as announced by the foreman was not voluntarily joined in by the answering juror." That opportunity was afforded Juror No. 2, Mr. Snyder in this case, and when he was advised that he was not compelled to acquiesce in the decision of his fellow jurors he clearly spoke out that he was and had been of the conviction that the defendant was not guilty.

It was not until he had been polled two more times and importuned by the court to come to a final decision, although having previously given his final decision, that he agreed to the verdict of guilty. Although the learned and experienced trial judge was trying to avoid a mistrial, which is commendable, we are constrained to conclude that he could not do so after Mr. Snyder, on being polled the first time, showed his disagreement with the verdict read by his foreman. When a juror dissents from a sealed verdict a new trial must be granted. A juror is not subject to coercion by his fellow jurors nor should he be by the circumstances attendant at the time of the polling of the jury, when he must disclose publicly his inner thoughts.

Judgment reversed and a new trial awarded.

ERVIN, P. J., would affirm on the opinion of the court below.