Commonwealth *v.* Southeastern Pennsylvania Transit Authority.

Argued March 7, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Lewis H. Van Dusen, Jr.,* with him *J. Freedley Hunsicker, Jr.;* Of counsel, *Drinker, Biddle & Reath,* for appellant.

*T. Michael Mather,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for appellee.

OPINION BY JUDGE CRUMLISH, JR., April 11, 1972:

An appeal from an Order of the Philadelphia Municipal Court was filed in this Court and the Commonwealth by the District Attorney of Philadelphia County moved to quash the appeal. This is the issue to be resolved by us.

The District Attorney of Philadelphia filed in the Philadelphia Municipal Court in October, 1971, a criminal complaint against the Southeastern Pennsylvania Transportation Authority (SEPTA) alleging that SEPTA had violated Section 612 of the Pennsylvania Penal Code, Act of June 24, 1939, P. L. 872, §612, 18 P.S. §4612, by operating and maintaining a public nuisance. The complaint charged that the fleet of buses which SEPTA operates in the City and County of Philadelphia continuously emits excessive volumes of smoke fumes, odors, gases and other noxious materials. The prosecution seeks a court order which would direct SEPTA to abate the alleged practices by installing certain remedial equipment and programming suitable operating procedures.

SEPTA moved to quash the complaint on the grounds, *inter alia,* that it was an agency and instrumentality of the Commonwealth and as such was not subject to criminal prosecution.[1] The court below ruled that the Municipal Court did have jurisdiction and dismissed SEPTA's motion. It found that the provisions of the legislation by which SEPTA was created made it the proper subject of criminal prosecution.[2]

SEPTA thereafter appealed the order to us on the grounds that: SEPTA, as an agency and instrumentality of the Commonwealth is not subject to criminal prosecution under The Penal Code; that the Air Pollution Control Act, 35 P.S. §4000, et seq., superseded and repealed Section 612 of The Penal Code, 18 P.S. §4612, and that SEPTA is not subject to criminal prosecution because the Air Pollution Control Act established exclusive procedures in the air pollution field.

The District Attorney in turn filed a motion to quash SEPTA's appeal alleging that this Court is without jurisdiction to hear an appeal in a criminal matter and that the Act of March 5, 1925, P. L. 23, §672, 12 P.S. §672, which provides for appeals from interlocutory orders, cannot be invoked for the purpose of establishing jurisdiction in the instant situation. The District Attorney alleges further that there are no exceptional circumstances which would warrant this Court's assumption of jurisdiction.

The Superior Court of Pennsylvania is the court of proper jurisdiction because this is in truth a proceed-

---

[1] SEPTA also alleged that the Air Pollution Control Act of 1960, as amended, Act of January 8, 1960, P. L. 2119, 35 P.S. §4000, *et seq.,* had repealed the public nuisance statute with respect to air pollution. The court below held that this Act did not impair any existing right or remedy and therefore the public nuisance under The Penal Code statute was still in force.

[2] *See* Act of August 14, 1963, P. L. 984, §4(d)(2), 66 P.S. §2004(d)(2).

ing under The Penal Code. The motion to quash must therefore be dismissed and the appeal transferred to the Superior Court as directed hereinafter.

Under the Appellate Court Jurisdiction Act, Act of July 31, 1970, P. L. 673, §402, 17 P.S. §211.402, the criminal cases over which the Commonwealth Court has jurisdiction are limited to subsection (2) ". . . criminal actions or proceedings for the violation of any rule, regulation or order of any administrative agency of the Commonwealth . . ." and actions for enforcement of local ordinances. Before us is a criminal prosecution under The Penal Code brought by the District Attorney. In no way can it be construed to fall within subsection (2).

SEPTA argues that the Act of March 5, 1925, P. L. 23, §622, 12 P.S. §672, which provides that appeals from interlocutory orders raising questions of jurisdiction properly puts the issue before us. It contends that this action draws into question the interpretation of an act of the General Assembly regulating the affairs of a local authority, therefore this Court has jurisdiction as set forth in Section 402(4)(i) of the Appellate Court Jurisdiction Act, 17 P.S. §211.402(4)(i).

The Appellate Court Jurisdiction Act, however, in another section specifically refers to appeals from interlocutory orders. Section 501(a) of the Act, 17 P.S. §211.501(a) provides: "An appeal authorized by law from an interlocutory order in a matter shall be taken to the appellate court *having jurisdiction of final orders in such matters.*" (Emphasis supplied.) Final determination of such matters as the violation of The Penal Code, as we have said before, is not properly before this Court.

SEPTA argues further that Section 402(4) of the Appellate Court Jurisdiction Act, 17 P.S. §211.402(4), gives this Court jurisdiction but in the broad sweep it

overlooks the specific reference to appeals from final orders of courts of common pleas. This case involves an appeal from an *interlocutory order* of the *Municipal Court*. Section 1 of the Act of March 5, 1925, 12 P.S. §672, which provides for appeals from interlocutory orders in questions of jurisdiction, authorizes such appeals when jurisdictional questions are raised in the "court of first instance." Since the Legislature used "court of first instance" in Section 672 and "courts of common pleas" in Section 402, we conclude that the Legislature intended to limit jurisdiction of appeals under Section 402 to appeals from final orders of the courts of common pleas and in so doing recognized that the provision of §672 referred to appeals from interlocutory orders of other courts such as the Municipal Court.

Section 501(a) of the Appellate Court Jurisdiction Act also precludes the assumption of jurisdiction by this Court under the "exceptional circumstances" doctrine. *See Commonwealth v. Washington*, 428 Pa. 131, 236 A. 2d 567 (1968). Even should we determine that exceptional circumstances warrant the allowance of an appeal herein, the appeal must go to the court which has jurisdiction to finally determine "such matters" as this.

Appellant in pursuit of its route contends that since violation of the Air Management Code is alleged in the complaint and because the remedy sought is an abatement order, this proceeding is primarily civil in nature. We do not agree. Reference to the Air Management Code cannot obviate a prosecution under The Penal Code. The remedy sought is specifically authorized after a finding of a violation of The Penal Code.[3] We reiterate, this is not the appropriate forum in which to appeal

---

[3] Going further SEPTA in its brief, appears to concede that this is a criminal prosecution by insistent challenges to the authority to bring the criminal charges against it.

the determination of an alleged violation of **The Penal Code.**

In holding that this is not the proper court to present this appeal, we do not say that SEPTA is precluded from asserting in the proper court as a defense the doctrine of sovereign immunity. In rejecting jurisdiction in this matter we do not prejudice SEPTA. Section 503(6) of the Appellate Court Jurisdiction Act, 17 P.S. §211.503(b) authorizes the transfer of cases to the court of proper jurisdiction. Section 503(b) provides: "If an appeal or other matter is erroneously taken to or brought in a court which does not have jurisdiction of the appeal or other matter, the court shall not quash such appeal or dismiss the matter, but shall transfer the record thereof, at the cost of the appellant . . . to the proper court of this Commonwealth where the appeal or other matter shall be treated as if originally filed in that court on the date erroneously filed in the other court." Therefore we issue the following

### Order

And Now, this 11th day of April, 1972, the appeal of the Southeastern Pennsylvania Transportation Authority is hereby transferred to the Superior Court of the Commonwealth of Pennsylvania in accordance with Section 503(b) of the Appellate Court Jurisdiction Act.