Commonwealth of Pennsylvania ex rel. Allegheny County Health Department, Bureau of Air Pollution Control, Appellant *v.* University of Pittsburgh, Appellee.

Submitted on briefs, July 7, 1976, to President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers and Blatt. Judge Kramer did not participate.

*Alexander J. Jaffurs,* County Solicitor, with him *James D. Belliveau,* Special Assistant County Solicitor, for appellant.

*Frank J. Lucchino,* with him *Lucchino, Gaitens & Hough,* for appellee.

Opinion by Judge Wilkinson, September 27, 1976:

The issue before us is the adjudication of a petition to transfer by the appellee University of Pittsburgh. The appellant Commonwealth brought this action before a district justice alleging that the appellee had violated Article XVIII of the Rules and Regulations of the Allegheny County Health Department's Bureau of Air Pollution Control. A guilty verdict was reversed by the Allegheny County Court of Common Pleas. Upon appellant's appeal to this Court, appellee filed its petition alleging that jurisdiction over

the appeal properly lies in the Superior Court. We deny the petition.

Our jurisdiction over the appeal is clearly established by Section 402(4) of the Appellate Court Jurisdiction Act.[1] That section reads:

"The Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in any of the following cases . . . .

. . . .

"(4) All actions or proceedings arising under any county, institution district, city, borough, incorporated town, township, public school, planning or zoning code or under which a municipality or other political subdivision or municipality authority may be formed or incorporated or where is drawn in question the application, interpretation or enforcement of (i) any act of the General Assembly regulating the affairs of political subdivisions, municipality and other local authorities or other public corporations or of the officers, employees or agents thereof, acting in their official capacity, or (ii) any home rule charter or local ordinance or resolution:"

The appeal sought to be transferred is from a final order of a court of common pleas concerning the enforcement of a county anti-pollution ordinance. Section 402(4) is therefore dispositive.

Appellee's contention that we lack jurisdiction is based upon the premise that the action is not grounded on the local ordinance at all. Appellee argues that because the Air Pollution Control Act[2] prescribes the penalty for the offense alleged, the Act is the law upon which the action is brought. The appellee argues that the appeal is thus grounded on a penal statute of the

---

[1] Act of July 31, 1970, P.L. 673, *as amended*, 17 P.S. §211.402.

[2] Act of January 24, 1966, P.L. 1520, *as amended*, 35 P.S. §4001 et seq.

Commonwealth and therefore equivalent to an appeal under the Penal Code, properly before the Superior Court. We cannot agree. Merely because the Act has superseded the penalty provisions of local anti-pollution ordinances does not mean that all such offenses are to be considered grounded on the Act. To the contrary, political subdivisions are free to enforce the remaining sections of their ordinances. Section 4012(a) of the Act[3] states expressly that:

"(a) Nothing in this act shall prevent counties, cities, towns, townships or boroughs from enacting ordinances with respect to air pollution which will not be less stringent than the provisions of this act or the rules and regulations promulgated pursuant to its provisions. This act shall not be construed to repeal existing ordinances, resolutions or regulations of the aforementioned political subdivisions existing at the time of the effective date of this act, except as they may be less stringent than the provisions of this act."

It would be anomalous to conclude that the legislature intended all actions involving air pollution to be brought under the Act at the same time it authorized the promulgation of new local anti-pollution ordinances.

Further support for this position comes from other language in the Act. Section 4012(g) states:

"(g) [I]n order that the civil and criminal penalties and equitable remedies for air pollution violations shall be uniform . . . , throughout the Commonwealth, the penalties and remedies set forth in this act . . . , shall be the penalties and remedies available *for enforcement of any municipal air pollution ordinances or regulations,* and shall be available to any municipality, public official, or other person having

---

[3] 35 P.S. §4012.

standing to initiate proceedings *for the enforcement of such municipal ordinances or regulations* . . . . It is hereby declared to be the purpose of this section to enunciate further that the purpose of this act is to provide additional and cumulative remedies to abate the pollution of the air of this Commonwealth." (Emphasis added.)

It is clear, therefore, that the action here is based upon a local ordinance rather than, as appellee claims, "a penal statute of the Commonwealth." Even assuming, *arguendo,* the validity of appellee's premise, his claim that such would cause this appeal to be considered the equivalent to an appeal under the Penal Code would fail. No section of the Penal Code is involved here. The fact that the Act provides penal sanctions does not bring this action within the Penal Code. *Cf. Commonwealth v. SEPTA,* 5 Pa. Commonwealth Ct. 128, 289 A.2d 784 (1972).

Accordingly, we will enter the following

ORDER

Now, September 27, 1976, the petition of the University of Pittsburgh to transfer for lack of jurisdiction in the action No. 701 C.D. 1976 is hereby denied.