393 A.2d 740

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**George STALLARD, Appellee.**

Superior Court of Pennsylvania.

Submitted April 10, 1978.

Decided Oct. 20, 1978.

Robert L. Eberhardt, Assistant District Attorney, and Robert E. Colville, District Attorney, Pittsburgh, for Commonwealth, appellant.

Larry P. Gaitens, and Lucchino, Gaitens & Hough, Pittsburgh, for appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PER CURIAM:

The defendant-appellee was convicted by a jury of indecent assault [1] and indecent exposure.[2] His motion in arrest of judgment was granted and the Commonwealth has appealed.

The only question raised on appeal is whether the evidence was sufficient to convict appellant in that the competency of the main Commonwealth witness is in dispute. Sharon Veatch, a girl nine years of age with a mental age of 6.6 years and an I.Q. of 64, was the only witness to give direct testimony as to the crimes. Initially the defendant had raised on a pre-trial application the question of the competency of the victim. After a hearing, the Honorable James F. Clarke, Judge, ruled that she was entitled to the benefit of the presumption in that no disqualifying incompetency on her part had been demonstrated. The trial was conducted before the Honorable Nicholas P. Papadakos, Judge, who permitted the victim to testify. However, after a verdict of guilty, he arrested judgment because he determined that the evidence given by the victim was incompetent to prove the commission of a crime, and the circumstantial evidence was likewise insufficient. However, in his opinion Judge Papadakos indicates strongly that his decision, in so far as the testimony of the victim was concerned, was based on the fact she was unreliable rather than incompetent.

Without reciting the testimony of Sharon, a review of the record indicates it was sufficient to establish the crime of which the defendant was found guilty by the jury, which must have been satisfied beyond a reasonable doubt.

Also, having been permitted to testify, the Commonwealth was entitled to have the benefit of the most favorable view of the victim's testimony. *Commonwealth v. Meadows*, 471 Pa. 201, 369 A.2d 1266 (1977), *Commonwealth v. Tabb*, 417 Pa. 13, 207 A.2d 884 (1956).

1. Act of December 6, 1972, P.L. 1482, No. 334, § 1; effective June 6, 1973; 18 Pa.C.S.A. § 3126.

2. Act of December 6, 1972, P.L. 1482, No. 334, § 1; effective June 6, 1973; 18 Pa.C.S.A. § 3127.

■ Although Judge Papadakos states that the lack of corroboration is another reason for his decision, as well as the absence of circumstantial evidence, we find both are present. A doctor, who examined the child six hours after the incident, testified that he found an abrasion on the neck of the victim, and one in the area of her vagina and rectum. He also found a cloudy white discharge at the vulva and inside the vagina. Even the circumstances as recited in his opinion to be found in appellant's brief lend support to her story. The defendant had taken her to his home, where she remained the entire evening, and while there she disrobed. He did not return her to her home until after the police had been notified of her absence. The lower court usurped the privilege of the jury, and under all the evidence in the case and attending circumstances, abused its discretion in arresting the judgment. .

The order arresting judgment must be reversed, and the case remanded to the trial court for the disposition of the motion for a new trial.

HOFFMAN, J., did not participate in the consideration or decision of this case.