419 A.2d 124

**COMMONWEALTH of Pennsylvania**

v.

**Terry Brian STUFFLET, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 8, 1978.

Filed March 14, 1980.

122

Robert Lee Moore, Assistant Public Defender, Reading, for appellant.

J. Michael Morrissey, District Attorney, Reading, for Commonwealth, appellee.

Before CERCONE, HESTER and HOFFMAN, JJ.

HOFFMAN, Judge:

■ Appellant contends, *inter alia*,[1] that the lower court improperly (1) admitted prejudicial statements allegedly made by appellant about sale of marijuana; and (2) permitted the verdicts to be recorded despite a lack of unanimity among the jurors. We agree with appellant's second contention and, accordingly, we reverse and remand.

While walking her dog on July 13, 1977, the victim, a 14-year-old girl, encountered appellant who was standing

1. Appellant additionally contends that the lower court erred in refusing to give his requested alibi defense instruction to the jury. The purpose of an alibi instruction is to refresh the jury's recollection of the presentation of an alibi defense and to point out that such evidence may be sufficient to raise a reasonable doubt as to guilt. *See Commonwealth v. Bonomo*, 396 Pa. 222, 151 A.2d 441 (1959); *Commonwealth v. Van Wright*, 249 Pa.Super. 451, 378 A.2d 382 (1977). Although the trial judge did not read appellant's proffered

on the porch of the home of her neighbor and friend, Jeffrey Keenan. She had seen appellant only once previously, when he had asked her for directions a few hours earlier at her home. Appellant called to the victim and the two engaged in a conversation on the porch steps. Appellant then asked the victim whether she used marijuana. As the conversation continued, appellant suddenly and violently grabbed the victim and carrier her into the Keenan home. Appellant forced the victim into a first floor bedroom and sexually assaulted her. She escaped shortly thereafter, however, by kneeing appellant in the groin and running out the back door.

Appellant was tried before a jury on charges of indecent assault [2] and attempted rape.[3] When the jury returned from its deliberations, the foreman announced guilty verdicts on both charges. Appellant's counsel then requested a poll of the jury. Juror number one affirmed the guilty verdict as to attempted rape but stated that she found appellant "Not guilty, innocent" on the charges of indecent assault. Colloquies conducted with the juror both in chambers and in open court elicited from her statements that appellant was guilty of indecent assault as well as statements that he was not guilty of that charge. The trial judge nonetheless ordered

alibi instruction to the jury, he did remind it that appellant had testified that he was elsewhere at the time of the crime and instructed it that this was to be considered along with the other evidence in determining whether the Commonwealth had sustained its burden of proving appellant guilty beyond a reasonable doubt. We therefore conclude that the instruction given was sufficient under *Bonomo, supra*.

Additionally, appellant contends that the evidence was insufficient to sustain the verdict and that the verdict was contrary to the weight of the evidence. He bases these assertions upon the fact that the Commonwealth's evidence consisted solely of the testimony of the fourteen–year–old victim. Appellant's contentions are, thus, directed to the credibility of the victim as a witness, an issue "within the sole province of the trier of fact." *Commonwealth v. Eckert*, 244 Pa.Super. 424, 429, 368 A.2d 794, 797 (1976) (citations omitted). We therefore conclude that these contentions are without merit.

2. 18 Pa.C.S.A. §§ 901(a); 3121.

3. *Id.* § 3126 (Supp.1977–80).

that the verdict slip containing guilty verdicts on both charges be recorded. After denial of his posttrial motions, appellant took this appeal.

Appellant contends first that the lower court erred in allowing the prosecutor to refer to and the victim to testify to her conversation with appellant just before the time regarding marijuana. The victim's testimony was as follows:

A. [The victim:] Well, I was taking my dog down past Jeffrey Keenan's house and a man calling attracted my attention, and I turned around and walked up to the step.

Q. What steps were these?

A. The steps to the porch in front of Jeffrey Keenan's house.

. . . . .

Q. Did you have any conversation with Mr. Stufflet on the steps of Mr. Keenan's home?

A. Yes.

Q. What was the conversation you had with Mr. Stufflet?

A. Terry said, "Do you smoke pot," and I said, "No." He goes, "Do you know anybody who does," and I said "No."

Mr. Eshelman: I'm going to object Your Honor. The same objection I made at side bar previously.

The Court: Same ruling.

By Mr. Welz: Q. Continue please.

A. Then he said, "Do you know anybody that smokes it," and I said "No." He said, "Could you sell some for me" and I said, "No."

Mr. Eshelman: Can I have a continuing objection to this, Your Honor?

The Court: You do.

N.T., November 15, 1977.

■ Evidence imputing prior criminal conduct to the defendant is generally admissible only where its probative

value outweighs its prejudicial effect. *See, e. g., Commonwealth v. Williamson,* 243 Pa.Super. 139, 144, 364 A.2d 488, 491 (1976). More specifically, however, our Supreme Court has held that "such evidence is admissible where 'such prior conviction or criminal act formed a part of a chain, or was one of a sequence of acts, or became part of the history of the event on trial, or was part of the natural development of the facts.'" *Commonwealth v. Brown,* 462 Pa. 578, 591, 342 A.2d 84, 90 (1975) (quoting *Commonwealth v. Williams,* 307 Pa. 134, 148, 160 A. 602, 607 (1932)). "This is often classified as proving a part of the 'same transaction' or the 'res gestae.'" *Commonwealth v. Stevens,* 237 Pa.Super. 457, 463, 352 A.2d 509, 512 (1975) (citing *McCormick, Evidence* § 190, at 448 (2d ed. 1972)). Thus, in *Stevens,* where appellant was charged with robbery, we held admissible testimony that appellant had raped the victim prior to the robbery. We stated that the evidence of the rape "was properly admitted under the 'same transaction' exception because it was an integral part of the immediate context of events surrounding the alleged robbery." *Id.,* 237 Pa.Super. at 464, 352 A.2d at 513.

■ In the case at bar, appellant's references to sale of marijuana occurred during the conversation which immediately preceded the criminal incident in issue. Were the victim precluded from stating these facts, she could not clearly have described the events leading up to the crime. In these circumstances, the implication of other criminal conduct by appellant constituted an aspect of the "res gestae" of the crime in question. The evidence was needed to complete the story of the crime. Moreover, the prejudicial effect of this evidence was not so great as to outweigh the legitimate purpose for which it was admitted. Appellant did not explicitly admit to sale or purchase of marijuana, and the jury could reasonably have inferred that his statements were made only to attract the attention of the victim. In addition, the crime referred to in the allegedly prejudicial remarks differed completely from the crimes charged and was not so prejudicial as the rape to which the victim was permitted to testify in *Stevens.* We therefore conclude that

the value of the challenged testimony in clarifying the victim's narrative of the crime outweighed the prejudicial effect of the passing reference to sale of marijuana. *See Commonwealth v. Williamson*, 243 Pa.Super. 139, 144, 364 A.2d 488, 491 (1976). Thus, the lower court did not err in admitting the victim's testimony or in permitting the prosecutor to refer to that admissible testimony in his opening remarks to the jury.[4]

Appellant further contends that the verdict slip should not have been recorded because the verdict was not unanimous as evidenced by the contradictory responses of juror number one upon being polled. We agree. After her initial response, the following colloquy with juror number one occurred.

(in chambers)

THE COURT: Have a seat. Mrs. Baldwin, when you were called individually, when you were polled as you were, you stated guilty on the charge of attempted rape but not guilty on the charge of indecent assault. Is that the way you intended?

MRS. BALDWIN: Yes.

THE COURT: How do you intend it to be?

MRS. BALDWIN: Guilty on both ways.

THE COURT: All right.

[ASSISTANT DISTRICT ATTORNEY]: Did she sign the verdict slip?

THE COURT: Yes, she signed the verdict slip.

\* \* \* \* \* \*

THE COURT: Mrs. Baldwin, you have just been interviewed by the attorneys involved and myself. When you were polled here in open court you said with respect to indecent assault not guilty. Was that your intention?

---

4. Additionally, we note that the court gave an extensive cautionary instruction upon defense counsel's objection to the opening remarks by the prosecutor which referred to the testimony that the victim was to give. Thus, even if the remarks of the prosecutor had referred to inadmissible testimony by the victim, the cautionary instruction would have sufficed to remove any prejudice to appellant resulting therefrom.

MRS. BALDWIN: Uh–huh.

THE COURT: Was it your intention to say not guilty or guilty?

WILIMINA BALDWIN: Not guilty.

[DEFENSE COUNSEL]: I would like the record to reflect that the juror, when the judge asked her if that was her intention, she said uh–huh.

THE COURT: Will you state it again, what is your intention?

WILIMINA J. BALDWIN: Guilty.

THE COURT: Guilty of what?

WILIMINA J. BALDWIN: Of both.

[DEFENSE COUNSEL]: Guilty of what?

THE COURT: She said . . .

[DEFENSE COUNSEL]: I'd like her to tell us both.

WILIMINA J. BALDWIN: Guilty of rape and assault.

[DEFENSE COUNSEL]: He is not charged with assault. I am moving for a mistrial, Your Honor.

THE COURT: The motion is denied. You signed the verdict slip didn't you?

WILIMINA J. BALDWIN: Yes.

[DEFENSE COUNSEL]: I object to the recording of the verdict slip.

THE COURT: I'm sure you do. The verdict slip may be recorded.

N.T., November 16, 1977.

 A criminal defendant may be found guilty only by unanimous vote of the jury. *Commonwealth v. Jackson*, 457 Pa. 237, 324 A.2d 350 (1974). In *Commonwealth v. Watson*, 211 Pa.Super. 394, 236 A.2d 567 (1967), where a juror when polled for the first time clearly disagreed with the guilty verdict read by the foreman, we held that his subsequent acquiescence in the verdict upon questioning did not render the verdict unanimous. We recognize that "[w]here an evasive answer of a juror leaves doubt as to whether he has assented to the verdict, but his answers indicate neither involuntariness nor coercion, a subsequent answer on further interrogation which indicates *clear and unequivocal assent*

will cure any possible defect." *Commonwealth v. Jackson, supra,* 457 Pa. at 241, 324 A.2d at 354 (citations omitted) (emphasis added). In this case, however, the court's colloquy did not result in the sort of categorical, unequivocal answer from the juror required for a unanimous verdict of guilty. We therefore reverse the conviction for indecent assault and remand for a new trial on that charge. *Commonwealth v. Watson, supra.* Additionally, we remand for resentencing on the attempted rape conviction. *Commonwealth v. Lockhart,* 223 Pa.Super. 60, 296 A.2d 883 (1972).

Judgment of sentence reversed and case remanded for new trial on the indecent assault charge and resentencing on the attempted rape conviction.

HESTER, J., files a concurring and dissenting opinion.

HESTER, Judge, concurring and dissenting:

While I agree that the conviction for attempted rape should be affirmed, I dissent from the reversal of the judgment of sentence for indecent assault. The quoted portions of the juror colloquy in the majority opinion demonstrate that the verdict was unanimous.

At the outset, it should be noted that counsel's repeated requests for a mistrial were properly denied. If, upon a poll, there is no concurrence among the jurors as to the verdict, the proper procedure is for the judge to send the jury back for deliberations, Pa.R.Crim. P. 1120(f), and not to declare a mistrial as counsel urged. In any event, the trial court was correct in accepting the verdict as unanimous. In Pennsylvania, the cases have recognized that a juror's inconsistent, ambiguous, equivocal, or evasive answer during a poll may render the verdict defective. *Commonwealth v. Brown,* 231 Pa.Super 431, 332 A.2d 828 (1974); *Commonwealth v. Corbin,* 215 Pa.Super 63, 257 A.2d 356 (1969); *Commonwealth v. Watson,* 211 Pa.Super 394, 236 A.2d 567 (1967). However, it is clear that the effect of such a response may be cured by a subsequent, unequivocal answer, thus obviating the need for a new trial. *Commonwealth v. Hall,* 267 Pa.Super. 204, 406 A.2d 765 (1979); *Commonwealth v. Jackson,* 457 Pa. 237, 324 A.2d 350 (1974); *Commonwealth v. Conner,* 445 Pa. 36, 282

A.2d 23 (1971). See, Anno. 25 A.L.R. 1149. Generally, it is the duty of the trial judge to determine from the answers of the jurors, together with their demeanor and appearance and all of the surrounding circumstances, whether each juror assents to the verdict. Feldman, Trial Guide, § 15.7. An inadvertent response by a juror during the poll which seemingly indicates disagreement with the announced verdict does not prevent recording the verdict where, upon further inquiry by the court, the juror unequivocally and understandingly assents to the verdict. *Hall*, supra; 21 Am.Jur.2d, Criminal Law, § 370 et seq.

Instantly, Mrs. Baldwin unequivocally stated, "Guilty of rape and assault." Her abbreviation of the charge of indecent assault can hardly be taken to mean she did not understand the charges. Rather, I accept the lower court's observation that the juror was merely unaccustomed to court procedures and phraseology. Her final and definitive pronouncement of the verdicts cured whatever defects may have previously existed by virtue of her ambiguous responses.

Accordingly, I would affirm the judgment of sentence on both counts.