# In the Interest of M.S., a Minor

*Maggie Snow, assistant district attorney,* for the Commonwealth.

*Burton Spear,* for defendant.

GARB, *P.J.,* July 13, 1990—The juvenile has appealed from our finding of delinquency as a result of which he was placed on probation.

The adjudication of delinquency was made after an adversarial proceeding based upon a petition alleging that the juvenile committed such acts as would constitute an indecent assault if committed by an adult. The evidence presented at the adjudicatory proceeding consisted of the testimony of the victim, a 12-year-old girl; her mother; a police officer; the juvenile, likewise 12 years of age; and his step-mother. The victim testified that she and the juvenile, both in the seventh grade, were classmates in a science laboratory class. She testified that during a class period, on September 25, 1989, while she was seated on a stool doing her class work, the juvenile came up behind her, put his hands around her and touched her breasts. She testified that she did not know that he was going to do that and that she did not consent to it. She moved her elbow back in

response to that touching. That evening, she told her parents of the incident.

The victim testified that the next day, while in the same class, the juvenile did the same thing again. She again remonstrated with him verbally for doing so and that evening again told her parents of the incident.

The juvenile testified that he did, in fact, touch the victim on the first occasion, but that he had merely tickled her on the sides of her body as in the nature of some childish horseplay. He denied that he had touched her the second day at all.

Obviously, the determination of this case turns upon the finding of credibility as between the two witnesses. As the finder of fact, we believed the testimony of the victim and disbelieve the testimony of the juvenile. Therefore, the juvenile was adjudicated delinquent.

Section 3126 of the Crimes Code, the Act of May 18, 1976, P.L. 120, no. 53, §1, 18 Pa.C.S. §3126 provides as follows:

"A person who has indecent contact with another not his spouse, or causes such other to have indecent contact with him is guilty of indecent assault, a misdemeanor of the second degree, if:

"(1) He does so without the consent of the other person. . ."

"Indecent contact" is defined in section 3101 as any touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire in either person. The element of "touching" can be established even though the private parts of the victim are touched over her clothing. *Commonwealth v. Bittinger,* 9 D.&C. 3d 614 (1979). We are satisfied that the repetition of this same conduct on the second occasion establishes the intention of arousing sexual desire or gratifica-

tion in one of the parties. The crime of indecent assault was established because of a concern for the outrage, disgust and shame engendered in the victim rather than because of physical injury to the victim. See *Commonwealth v. Capers,* 340 Pa. Super. 136, 489 A.2d 879 (1985). The nature of the contact and the fact that it was repeated justifies our finding that it was sexually oriented and outrageous and humiliating to this young victim. Clearly, she did not consent.

We are likewise satisfied that the elements of the act of delinquency were adequately established solely by the testimony of this young victim. See *Commonwealth v. Stufflet,* 276 Pa. Super. 120, 419 A.2d 124 (1980), and *Commonwealth v. Stallard,* 259 Pa. Super. 109, 393 A.2d 740 (1978).

We believe that the evidence in this case establishes that the juvenile is delinquent. A "delinquent act" is defined as "an act designated a crime under the law of this Commonwealth." A "delinquent child" is defined as a child 10 years of age or older whom the court has found to have committed a "delinquent act" and "is in need of treatment, supervision or rehabilitation." The Act of April 28, 1978, P.L. 202, no. 53, §22, 42 Pa.C.S. §6302. Clearly, as demonstrated, the evidence in this case establishes that the juvenile committed a delinquent act. After that determination was made, a psychological screening was conducted and the report thereof submitted to the court. That report established that the juvenile is in need of counseling. Therefore, the evidence in this case clearly establishes the juvenile to be a "delinquent child." Having so found, the juvenile was placed on probation and counseling was ordered. See section 6341 of the Juvenile Act.

The foregoing explains the adjudication and disposition in this juvenile proceeding.