J-S83024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EMERY BARRON, | |
| Appellant | No. 398 WDA 2016 |

Appeal from the Judgment of Sentence December 14, 2015
In the Court of Common Pleas of Forest County
Criminal Division at No(s): CP-27-CR-0000034-2015

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED JANUARY 11, 2017**

Appellant Emery Barron appeals from the judgment of sentence entered following his conviction of aggravated assault, simple assault, and disorderly conduct.[1]  We affirm.

The trial court summarized the relevant procedural history, as follows:

> On December 14, 201[5], this Court sentenced [Appellant] to an aggregate minimum term of thirty-five (35) months to a

---

[*]  Retired Senior Judge assigned to the Superior Court.

[1]  Appellant's notice of appeal incorrectly identified the trial court's order appealed from as the March 1, 2016 order denying his motion for a new trial.  Instead, the appeal properly lies from the judgment of sentence on December 14, 2015.  **Commonwealth v. Chamberlain**, 658 A.2d 395 (Pa. Super. 1995) (order denying post-sentence motion acts to finalize judgment of sentence; thus, appeal is taken from judgment of sentence, not order denying post-sentence motion).  We have amended the caption accordingly.

maximum period of seventy (70) months.[4] On December 28, 2015 [Appellant], through his attorney, filed a Motion for New Trial.[2] [Appellant's] motion argued that upon polling, one of the jurors indicated that her verdict was not guilty on Count 2, which is a charge upon which [Appellant] was found guilty. [Appellant] argues that because this Court sent the jury back into deliberations, and a guilty verdict was returned a short time later, the juror was coerced into the guilty verdict. Upon receipt of that motion, this Court scheduled the matter for argument on January 13, 2016. Following argument, the District Attorney filed a Brief in Opposition to the Motion for New Trial. Upon review, this Court denied [Appellant's] Motion for New Trial on March 1, 2016. This appeal followed.

---

[2] We note that post-sentence motions must be filed within ten days after the imposition of sentence. Pa.R.Crim.P. 720(A)(1). The trial court apparently considered the date of Appellant's judgment of sentence as December 16, 2015, thereby deeming Appellant's motion for a new trial timely filed. Although Appellant filed his motion twelve days after the sentencing order was time-stamped, the tenth day was a Commonwealth holiday that was followed by a Saturday and Sunday. Thus, the motion was timely filed on Monday, December 28, 2015. **See** Pa.R.C.P.106 (b) ("Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").

We, however, question the timeliness of this appeal as it appears that Appellant was sentenced in open court on December 14, 2015. **See Commonwealth v. Nahavandian**, 954 A.2d 625, 630 (Pa. Super. 2008) (citing **Commonwealth v. Green**, 816 A.2d 613 (Pa. Super. 2004) (explaining that the date of imposition of sentence in open court is the reference point for computing time for purposes of post-sentence motions and appeals, and not the date on which the sentencing order is docketed)). Thus, Appellant would have been required to file his post-sentence motion by December 24, 2015. However, because the instant sentencing proceeding was not transcribed, we are unwilling to assume that the timing of the sentencing rendered this appeal untimely.

> <sup>4</sup> The Sentencing Order is dated December 14, 2015, though it was not time-stamped as filed until December 16, 2015.

Trial Court Opinion, 5/23/16, at 2.

Appellant raises one issue for appellate review:

> I. Whether the trial court erred by failing to award [Appellant] a new trial where, upon the first poll of the jury, the jury foreperson disagreed with the guilty verdict and indicated she made the wrong decision and that she felt bad to "take [the other jurors] time" if they were to be required to deliberate further, and said jury foreperson returned with a guilty verdict thirteen (13) minutes later?

Appellant's Brief at 5.

A jury may be polled to ascertain the unanimity of the verdict. ***Commonwealth v. Carter***, 478 A.2d 1286, 1291–1292 (Pa. Super. 1984) (citation omitted). Jury polling "is the means for definitely determining, before it is too late, whether the jury's verdict reflects the conscience of each of the jurors or whether it was brought about through the coercion or resulted from mental or physical exhaustion of a juror." ***Commonwealth v. Pacini***, 307 A.2d 346, 347 (Pa. Super. 1973) (quoting ***Commonwealth v. Martin***, 109 A.2d 325, 328 (Pa. 1954)). We have additionally observed that the purpose of the poll is to afford "any juror, who may possibly have been under pressure from other members of the jury to acquiesce in the verdict, an opportunity to speak out and declare to the court that the verdict as announced by the foreman was voluntarily joined in by the answering juror." ***Commonwealth v. Hall***, 406 A.2d 765, 770 (Pa. Super. 1979) (quoting

*Commonwealth ex rel. Ryan v. Banmiller*, 162 A.2d 354, 355 (Pa. 1960)). If, during the poll of the jury, it becomes apparent that there is no agreement among them as to the verdict, the court must order the jury to retire for further deliberations. *See* Pa.R.Crim.P. 648(G) ("[I]f upon such poll there is no concurrence, the jury shall be directed to retire for further deliberations.").

Here, Appellant requested that the jurors be polled after they returned with guilty verdicts on all counts. Regarding the verdict on count two, aggravated assault, the following exchange occurred between the trial court and Juror Number Four:[3]

> THE COURT: Number four? As to count two? Was that your verdict?
>
> JURY FOREMAN: No. No. Can I? I changed my mind. Do I have to say yes? To that question? No.
>
> THE COURT: If you have come to a verdict in a matter, that means that all of you have made a conclusive decision. If you have not come to a verdict in a matter, that does not, that means you have not come to a conclusive decision.
>
> Okay. So I am going to go, as to number two, then, did you find [Appellant] guilty?
>
> JURY FOREMAN: Yes.

N.T., 12/14/15, at 6–7.

---

[3] Juror Number Four was the jury foreperson.

At the conclusion of the poll, a sidebar discussion was held regarding Juror Number Four's response. Accordingly, the trial court further questioned the juror:

THE COURT: Juror number four, as to count [two], aggravated assault, you did not, when you were being polled, did you not understand what number we were on?

JURY FOREMAN: No, I did, your Honor.

THE COURT: Okay. Is it your verdict that [Appellant] is guilty on that charge?

JURY FOREMAN: Yes, your Honor.

THE COURT: When you said you changed your mind, you were the foreperson, and you signed the slip saying guilty. What do you mean?

JURY FOREMAN: I just had second thoughts sitting out here, that we discussed in there.

THE COURT: Did you want further discussion? With your fellow jurors?

JURY FOREMAN: I feel bad if I want further discussion to take these people's time. But, I do feel that maybe I made the wrong decision.

THE COURT: Okay. If that's the case, I will empanel. I will place the jury back in the jury room for further discussion as to count two. And, the verdict will stand as read for the remaining charges.

N.T., 12/14/15, at 13–14.

Thirteen minutes after being excused for further deliberations, the jurors returned with a guilty verdict on count two. The jury was polled for a second time and each juror, including Juror Number Four, expressed his/her

agreement with the verdict. *Id.* at 15–17. No objection was made to the second jury poll and no motion for a mistrial was presented to the trial court at that time.

Preliminarily, we address whether Appellant's post-sentence assertion that he is entitled to a new trial has been preserved for appellate review. Under Pennsylvania Rule of Criminal Procedure 605(B), a motion for a mistrial "**shall** be made when an event prejudicial to the defendant is disclosed." Pa.R.Crim.P. 605(B) (emphasis added). Here, the alleged prejudicial event occurred after the first polling when the jury re-deliberated for a short time before it reached its guilty verdict on count two. As noted above, Appellant did not object after the second polling of the jury, nor did he request the trial court to grant a mistrial on the basis that the jury's second unanimous guilty verdict on count two was reasoned by Juror Number Four's unwillingness to submit her fellow jurors to further deliberation. Appellant's silence at this point deprived the trial court of an opportunity to conduct further inquiry into the voluntariness of Juror Number Four's guilty verdict, and likely constitutes a waiver of this issue on appeal.

Even if not waived, however, Appellant's argument falls on the merits. Appellant relies upon our decision in *Commonwealth v. Stufflet*, 419 A.2d 124 (Pa. Super. 1980), to support his argument that Juror Number Four's initial response to the jury polling questioning indicated that her verdict was not voluntary. In *Stufflet*, the appellant contended that the verdict was not

unanimous as evidenced by contradictory responses of a juror upon being polled. In that case, the trial court conducted the following colloquy:

THE COURT: [W]hen you were called individually, when you were polled as you were, you stated guilty on the charge of attempted rape but not guilty on the charge of indecent assault. Is that the way you intended?

[Juror]: Yes.

THE COURT: How do you intend it to be?

[Juror]: Guilty on both ways.

THE COURT: All right.

* * *

THE COURT: [Juror], you have just been interviewed by the attorneys involved and myself. When you were polled here in open court you said with respect to indecent assault not guilty. Was that your intention?

[Juror]: Uh-huh.

THE COURT: Was it your intention to say not guilty or guilty?

[Juror]: Not guilty.

[DEFENSE COUNSEL]: I would like the record to reflect that the juror, when the judge asked her if that was her intention, she said uh-huh.

THE COURT: Will you state it again, what is your intention?

[Juror]: Guilty.

THE COURT: Guilty of what?

[Juror]: Of both.

[DEFENSE COUNSEL]: Guilty of what?

THE COURT: She said . . .

[DEFENSE COUNSEL]: I'd like her to tell us both.

[Juror]: Guilty of rape and assault.

> [DEFENSE COUNSEL]: He is not charged with assault. I am moving for a mistrial, Your Honor.
>
> THE COURT: The motion is denied. . . .

*Id.* at 127.

In reviewing the trial court's denial of the mistrial motion, we recognized that "[w]here an evasive answer of a juror leaves doubt as to whether he has assented to the verdict, but his answers indicate neither involuntariness nor coercion, a subsequent answer on further interrogation which indicates clear and unequivocal assent will cure any possible defect." *Id.* at 127–128 (quoting *Commonwealth v. Jackson*, 324 A.2d 350, 354 (Pa. 1974)). Despite this recognition, we concluded that the trial court's colloquy with the *Stufflet* juror "did not result in the sort of categorical, unequivocal answer from the juror required for a unanimous verdict of guilty," and we reversed the indecent assault conviction and remanded for a new trial on that charge. *Stufflet*, 419 A.2d at 128.

*Stufflet* is readily distinguished by the marked disparity in the colloquies conducted by the respective trial courts. In *Stufflet*, the juror changed her verdict in open court after the trial court's questioning wherein the juror gave conflicting and confused responses to the court's inquiry. In contrast, herein, after Juror Number Four represented that she was having second thoughts about the verdict, the trial court complied with Pa.R.Crim.P. 648(G) and retired the jury for further deliberation. When the jury returned and was re-polled, Juror Number Four did not waiver in her response. Thus,

the questioning of Juror Number Four clearly evidenced a situation wherein a juror's "subsequent unequivocal assent to the majority verdict cures any defect in a prior response." **Commonwealth v. Hall**, 406 A.2d 765, 770 (Pa. Super. 1979); **see also Stufflet**, 419 A.2d at 126.

Finally, we note that there was no evidence that Juror Number Four's eventual guilty verdict on count two was coerced or involuntary. Although the juror expressed her reluctance to inconvenience her fellow jurors with further deliberations, the mere fact that the jury returned within thirteen minutes after these subsequent deliberations is not indicative of coercion. As aptly observed by the trial court:

> Surely, [Appellant] has focused on the fact that the jury took only a short time when retired for further deliberations by this [c]ourt. However, that fact is not determinative of any coercion or wrongdoing. To the contrary, the logical explanation is that because the jury had already reached a consensus on the charge in question once, and because they were only deliberating one charge a second time, deliberations would understandably be brief. Further, it is not the policy of our [c]ourt[s] to deeply inquire into the purview of the jury deliberation process and "a jury is presumed to have followed the instructions of the trial court." *Commonwealth v. Bridges*, 757 A.2d 859, 883 (Pa. 2000). [Appellant] in this case has failed to produce any evidence of any alleged coercion, other than the circumstantial fact that the jury only deliberated for a short time after being empaneled a second time. Instead this [c]ourt followed the mandate of Rule 648[G].
>
> For the foregoing reasons, this [c]ourt did not err when it denied [Appellant's] motion for a new trial, and the appeal should be dismissed.

Trial Court Opinion, 5/23/16, at 7 (citation omitted).

We agree with the trial court's assessment of the dearth of evidence of jury coercion in this matter. Accordingly, the trial court did not abuse its discretion in denying Appellant's motion for a new trial.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/11/2017